## M. & M. Transportation Company *vs.*
### Alfred Della Posta.

DECEMBER 17, 1948.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an employer's petition to enforce a decree in a workmen's compensation case. The superior court granted the petition and ordered respondent to report to petitioner on "July 12, 1948, at 12:00 Noon, to work in accordance with the offer of work made by the Petitioner, namely, general office work," and that payments of compensation to respondent be discontinued as of that date. From that decree respondent has appealed to this court. Pending the determination of such appeal petitioner has continued payments of compensation.

Respondent contends that the superior court has no power to order him to work and that if it has such power he is not obliged to accept the work his employer offers unless he is able to perform it. Moreover, respondent argues that the burden is upon the employer to prove such ability and that it cannot be shifted to the employee by requiring him to try to do the work offered or prove that it is beyond his capacity.

In reply, petitioner contends that it proved by credible legal evidence that respondent was able to do the work which was offered to him; that he willfully refused to do it when ordered by the decree of the superior court; that such refusal was clearly established to its satisfaction; and that it was within the jurisdiction of such court to order respondent's compensation discontinued because of his willful refusal to comply with its order. Petitioner further contends that this court should sustain the decree of the superior court, but direct that such decree be modified so that payments of compensation shall be declared to have ceased as of July 12, 1948.

In order to understand the issues raised by the above contentions it is necessary to set out at some length the facts which have given rise to the controversy between the parties. On September 6, 1945 respondent was injured while working as a truck driver for petitioner. As a result of that injury an agreement providing for compensation of $20 a week to him for total incapacity was entered into between the parties and duly approved by the director of labor. Thereafter, on July 1, 1947, upon petitioner's petition for review of such agreement the superior court found that respondent was only partially incapacitated and could do light work. Thereupon a decree was entered reducing compensation to $18 a week, the maximum under the statute for partial incapacity, and further ordering the respondent to "make a sincere effort to obtain work forthwith."

Respondent did not obtain such work and petitioner filed a second petition for review. After a hearing on that petition, the superior court held that respondent was still partially disabled but in its decree, dated June 1, 1948, expressly ordered him "to apply to the Petitioner to obtain work not requiring heavy lifting and that he make a sincere effort to condition his body so that he may be able to resume normal work; that failing to obtain such work from the Petitioner he make an honest and sincere effort to obtain light work not requiring heavy lifting at other places of employment."

Pursuant to such order and in response to a letter from petitioner dated June 2, 1948, respondent reported to the petitioner's office on June 8, 1948, where its manager described to him work of a general office nature such as filing, keeping records, inventory of stock, *etc.*, requiring merely paper work without any heavy lifting. He offered respondent the job at wages of $50 a week for forty hours. Respondent declined it substantially for the reason that as a member of the teamster's union he would, if he accepted a job of that nature, lose his union rights and privileges.

He further said that he felt he was not required to accept such employment as it did not come within the work scope of his union. He then left to consult his attorney. Thereafter, by letter dated June 8, 1948, his attorney informed petitioner that he had advised respondent to return to work but only at employment "carrying the same union status and seniority classification as the job he held at the time of his injury." Such letter further stated that the attorney found "nothing in the decree entered in this case which authorizes you to so penalize Mr. Della Posta by offering him work which will cause him the loss of his union book and his seniority rights."

Petitioner, after receiving the above letter, informed respondent by letter dated June 11, 1948 that it had received his attorney's letter and that it did not "believe that Union rights are to be considered under the Workmen's Compensation Act and under the Decree entered by Judge Walsh and would request you to report to work not later than Wednesday, June 16, 1948." That letter further stated that if he failed to so report petitioner would be obliged to petition the superior court for relief. At the hearing before the trial justice, petitioner's attorney stated that a copy of that letter was also mailed to respondent's attorney, although the latter stated that he did not receive it.

Thereafter respondent did not report for work at petitioner's office and on June 24, 1948 the latter filed in the superior court the instant petition to enforce the decree of June 1, 1948. At the hearing on such petition petitioner introduced evidence concerning the nature of the work it had offered to the respondent and that such work did not require heavy lifting. Petitioner's manager testified that he felt respondent was qualified to do the work which was offered and that he told respondent he would train him, if necessary. On cross-examination, he testified that no work was available which would permit respondent to maintain his status as a member of his union and also his seniority rights.

Respondent testified that petitioner's manager had offered him general office work consisting of filing and helping around the office, not connected with the union and having nothing to do with his seniority rights. He further testified that he knew nothing about "detail office work" and never worked in an office in his life. And he denied that petitioner's manager had offered to train him, if necessary. On cross-examination, he admitted that his only reason for refusing to do the work which was offered to him was that he was afraid he would lose some of his union rights. Respondent presented no evidence that he was *physically* unable to do work of the kind and nature which was offered to him.

At the conclusion of the evidence respondent's attorney contended that there was some doubt whether a man is obliged to go back and work at something he knows nothing about and that if he went back voluntarily and tried to do the work he might be held responsible by his union and suffer a loss of his union rights. However, counsel continued, if respondent was ordered by the court to go back his status "would be absolutely different" in case he ever called upon his union for relief. He further emphasized that what he desired the record to show was that respondent's acceptance of such work was "involuntary and not voluntary on his part." Counsel also stated to the court that respondent "ought to be permitted to purge himself" by going back and trying the work.

The trial justice thereupon decided that he would make such an order, and a decree was accordingly entered which expressly found that petitioner had offered respondent work which did not require heavy lifting and that respondent refused the same. Such decree also contained the following: "1. That said Respondent shall report to work at the Petitioner's terminal at 260 Kinsley Avenue, Providence, Rhode Island, Monday, July 12, 1948, at 12:00 Noon, to work in accordance with the offer of work made by the Petitioner, namely, general office work. 2. That payments

as provided by the Decree of June 1, 1948 shall be discontinued as of the date said Respondent returns to work."

Respondent now contends that the superior court is without authority to issue such an order to return to work. He interprets it as requiring him to go back to work or subject himself to punishment for contempt. Of course, if such an interpretation were correct we would be compelled to agree with respondent that the superior court was without jurisdiction to make such an order. Under our law one who has not been convicted of crime cannot be forced by the court under threat of punishment for contempt to work at any employment against his will. But we do not understand that the decree in question here makes any such provision. The orders numbered 1 and 2 of the decree quoted above are, in our opinion, to be interpreted merely as directing respondent to report on Monday, July 12, 1948, at 12 noon for the light work offered by the petitioner and found by the court to be within respondent's physical ability and that his compensation payments for partial incapacity thereafter were to cease. Moreover, from our reading of the transcript it appears that those orders were framed in that manner largely at the suggestion of respondent's counsel who had expressly told the trial justice that he wanted the record to show clearly that if respondent tried to do the offered work it was not upon his own volition but because of the order of the court.

We think there is no merit in respondent now finding fault with such order especially since under our construction it rests entirely with him whether to obey it or not as he sees fit, with the knowledge, however, that unless he obeys it and thus evinces a sincere intention to cooperate with the court in its desire to measure the extent of his physical disability, he will have no further standing to invoke the aid of the court in any way to enforce future compensation for any further incapacity growing out of his accident. This is the only penalty for willful disobedience of the court's order. Whether or not such penalty weighs

more heavily against his true interest than the deprivation of his union rights which he says might follow if he accepted the job in question is solely for him to determine.

The trial justice ruled that the question of the possible loss of respondent's union rights could not enter into his decision of the issue before him. In this respect, clearly the trial justice did not err. We find nothing in the workmen's compensation act requiring the consideration of the collective rights and duties of an injured union workman in cases brought under that act; hence the court must consider only those rights to which as an individual a workman is entitled under its express provisions.

It is clear that there was evidence before the trial justice upon which he could find that the work offered to respondent was such as he was physically capable of doing. Whether he has the technical training to do it properly or competently is of no consequence so long as the petitioner is willing to keep him in its employ, and, therefore, the trial justice was not bound to consider that factor. Only if the petitioner should sometime later discharge respondent for alleged incompetence would it become a subject of judicial inquiry bearing on the right of the respondent to a resumption of compensation payments. Therefore, since the findings of fact of the trial justice in a case of this kind are, in the absence of fraud, conclusive and not subject to review in this court, except for error of law, we cannot disturb his decision.

However, in view of the fact that, upon advice of counsel, respondent may have been sincerely and honestly in doubt as to whether it was his duty to report for work on July 12, 1948 in accordance with the order of the superior court, and since the attorney for petitioner has stated in this court that petitioner is still willing to employ the respondent in accordance with its offer, the superior court is directed to modify its decree by fixing a new time within which respondent shall report to petitioner for such work. And furthermore, in the circumstances, we are of the

opinion that such decree should provide that all compensation to respondent should cease as of the time so fixed, whether or not he reports for work at that time.

The respondent's appeal is denied and dismissed, the decree appealed from, as interpreted and modified herein, is affirmed, and the cause is remanded to the superior court for further proceedings.

*Adler, Flint & Zucker, Martin M. Zucker,* for petitioner.

*Flynn & Leighton, Thomas J. Flynn, Robert T. Flynn,* for respondent.